ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Parte Recurrente<br><br>V.<br><br><br>UAW LOCAL 2341 ACCIÓN LABORAL UNITARIA Y DEFENSORA<br><br>Parte Recurrida | TA2026RA00006 | Revisión Judicial procedente de la Comisión Apelativa del Servicio Público (CASP)<br><br>CASP Número: CU-23-004 CU-23-000004<br><br>Sobre: Clarificación de Unidad |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico a 19 de febrero de 2026

Comparece el Departamento de Transportación y Obras Públicas ("DTOP" o "Recurrente") y solicita que revoquemos la Resolución emitida el 31 de octubre de 2025 por la Comisión Apelativa del Servicio Público ("CASP" o "Agencia"). En esa ocasión, la CASP determinó que los puestos de Asistente de Ingeniero, Agrónomo e Ingeniero en Entrenamiento debían ser incluidos en la Unidad Apropiada de la Unión UAW 2341, Acción Laboral Unitaria y Defensora.

Por los fundamentos que exponemos a continuación, *revocamos* la determinación recurrida.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 4 de octubre de 2023 la UAW Local 2341, Acción Laboral Unitaria y Defensora ("Unión" o "Recurrida")

presentó una *Petición*[1] sobre clarificación de unidad apropiada ante la Comisión Apelativa del Servicio Público. Posteriormente, las partes se reunieron y llegaron a ciertos acuerdos sobre la clasificación de puestos. Sin embargo, no lograron ponerse de acuerdo con relación a los puestos que el DTOP entiende son gerenciales o no existen.[2] Así las cosas, el 31 de octubre de 2025, la CASP emitió su Resolución de *Clarificación de Unidad Apropiada*[3]. En esa ocasión, y en lo aquí pertinente, la Agencia determinó que los puestos de Agrónomo, Asistente de Ingeniero e Ingeniero en Entrenamiento debían incluirse en la Unidad Apropiada A denominada "Empleados de Campo del Departamento de Transportación y Obras Públicas". Inconforme con dicha determinación, el 20 de noviembre de 2025, el DTOP presentó una *Moción de Reconsideración* solicitando que los puestos de Agrónomo, Asistente de Ingeniero e Ingeniero en Entrenamiento fueran excluidos de la Unidad Apropiada, toda vez que tienen funciones de supervisión y aplican medidas correctivas. El 5 de diciembre de 2025, la CASP emitió una *Resolución*[4] en la que declaró *No Ha Lugar* la moción de reconsideración.

Nuevamente inconforme, el 7 de enero de 2026, el DTOP presentó un recurso de revisión judicial alegando el siguiente señalamiento de error:

> **PRIMER ERROR: ERRÓ LA COMISIÓN APELATIVA DEL SERVICIO PÚBLICO AL INCLUIR LOS PUESTOS DE ASISTENTE DE INGENIERO(A), AGRÓNOMO(A) Y DE INGENIERO(A) EN ENTRENAMIENTO EN LA UNIDAD APROPIADA DE LA UAW, A PESAR DE QUE LOS MISMOS SON PUESTOS GERENCIALES CON FUNCIONES SUPERVISORAS.**

---

[1] Véase Anejo #5 del recurso de revisión judicial.
[2] Véase Anejo #4 del recurso de revisión judicial.
[3] Véase Entrada #2 del Apéndice del recurso de revisión judicial.
[4] Véase Anejo #3 del Apéndice del recurso de revisión judicial.

Entre sus planteamientos, el DTOP alegó que los puestos en controversia son considerados gerenciales debido a que tienen funciones supervisoras y aplican medidas correctivas. Además, el Recurrente señaló que previo al Plan de Clasificación y Retribución Único, los puestos en controversia eran considerados gerenciales. Como parte de sus planteamientos, indicó que ya la Comisión de Relaciones del Trabajo del Servicio Público (ahora la CASP) había pasado juicio sobre esos mismos puestos, cuyas funciones son las mismas, aplicando así la doctrina de Impedimento Colateral por Sentencia.

Por su parte, el 6 de febrero de 2026, la Unión presentó una *Réplica a Recurso de Revisión Judicial*. En su escrito alegó que no aplica la doctrina de Impedimento Colateral por Sentencia debido a que la determinación de la CASP se basó en un nuevo Plan de Clasificación y Retribución Uniforme, efectivo en enero de 2023. Además, respecto a las funciones de supervisión, la Unión señaló que los puestos en controversia no requieren de supervisión, según definido por el Tribunal Supremo en el caso de *Departamento de Estado v. Unión General de Trabajadores*, 173 DPR 93, 106 (2008).

-II-

**A. Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico[5]**

La Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la *Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico* ("Ley 45-1998") fue aprobada con el propósito de conferirles

---

[5] Ley Núm. 45 de 25 de febrero de 1998, según enmendada.

a los empleados públicos que no estén cubiertos por la Ley Núm. 130 del 8 de mayo de 1945, mejor conocida como la *Ley de Relaciones del Trabajo de Puerto Rico*, el derecho a la organización sindical y a la negociación colectiva, siempre que se observen los parámetros establecidos en la mencionada ley.[6] En lo que atañe al caso de autos, el Artículo 3 de la Ley 45-1998, en parte pertinente, dispone lo siguiente:

> Para fines de interpretación y aplicación de esta Ley, los siguientes términos tendrán el significado que a continuación se expresa, a menos que del contexto surja claramente otro significado:
>
> […]
>
> (dd) *Supervisor* – Cualquier empleado que, ejerciendo su discreción, tenga autoridad para **hacer recomendaciones efectivas sobre la imposición de medidas disciplinarias; o que tenga la responsabilidad habitual de asignar o dirigir el trabajo**, si tales responsabilidades surgen de una ley, de un reglamento o de la descripción de deberes de su puesto, independientemente de que su nombramiento sea uno de carrera, confianza, transitorio, probatorio, provisional, irregular, por jornal o por contrato. (Énfasis suplido).

Por su parte, la Sección 4.2 – Inclusiones y exclusiones dispone lo siguiente:

> (a)  Podrán organizarse y afiliarse a organizaciones sindicales los empleados con nombramientos en un puesto regular de carrera, de cualquier agencia del gobierno central.
>
> (b)  Los siguientes funcionarios y empleados quedarán excluidos de todas las unidades apropiadas para fines de negociación colectiva certificadas por la Comisión:
>
> […]
>
> (3)  **Los supervisores de todas las agencias, según ese término ha sido definido en esta Ley.**

---

[6] *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 536-537 (2006).

**B. Clasificación de Puestos**

En la determinación emitida por la CASP, la Agencia analizó las clases en controversia, evaluando entre otros aspectos, la naturaleza del trabajo, aspectos distintivos del trabajos y ejemplos de tareas. Para propósitos de nuestro análisis y posterior discusión, a continuación, incluimos los aspectos mencionados para cada uno de los puestos en controversia.

**<u>Agrónomo</u>**

**Naturaleza del Trabajo**

Trabajo profesional y de campo que consiste en planificar y coordinar el diseño, desarrollo e implantación de programas de ornamentación y cultivo de plantas, proyectos de crianza de animales y cultivo de productos agrícolas, así como otros asuntos relacionados con el campo de la Agronomía en una Agencia o propiedad del Gobierno de Puerto Rico.

**Aspectos Distintivos del Trabajo**

El empleado realiza trabajo de complejidad y responsabilidad que consiste en la planificación y coordinación de las actividades relacionadas con el diseño, desarrollo de implantación de programas de ornamentación y cultivo de plantas para la creación de proyectos de ornamentación y de construcción de jardines en una Agencia o propiedad del Gobierno de Puerto Rico. Trabaja bajo la supervisión general de un empleado de superior jerarquía, quien le imparte instrucciones generales en los aspectos comunes del puesto y específicas en situaciones nuevas o imprevistas. Ejerce iniciativa y criterio propio en el

desempeño de sus funciones, conforme a las leyes, reglamentos, normas y procedimientos aplicables. Su trabajo se revisa mediante reuniones con su supervisor, por el análisis de los informes que somete y por los resultados obtenidos.

### Ejemplos de Trabajo

- Planifica y coordina los trabajos relacionados con el diseño, desarrollo e implantación del plan de trabajo o programas de ornamentación, cultivo de plantas, mantenimiento de los terrenos, jardines y áreas verdes de la Agencia o propiedad del Gobierno de Puerto Rico.

[…]

## Asistente de Ingeniero(a)

### Naturaleza del Trabajo

Trabajo profesional, de campo y de oficina que consiste en asistir a un Ingeniero Licenciado en estudios, investigaciones, inspecciones, en el desarrollo de proyectos de ingeniería y otras labores en el campo de la Ingeniería en una Agencia del Gobierno de Puerto Rico.

### Aspectos Distintivos del Trabajo

El empleado realiza trabajo de moderada complejidad y responsabilidad que consiste en asistir a un Ingeniero Licenciado en estudios, investigaciones, inspecciones, en el desarrollo de proyectos de ingeniería y otras labores en el campo de la Ingeniería en una Agencia del Gobierno de Puerto Rico. Trabaja bajo la supervisión directa de un Ingeniero o empleado de superior jerarquía, quien le imparte instrucciones generales en los aspectos comunes del puesto y específicas en situaciones nuevas o imprevistas. Ejerce un grado moderado de iniciativa y criterio propio en el desempeño de las funciones, en

armonía con las leyes, reglamentos, normas y procedimientos que regulan el campo de la Ingeniería. Su trabajo se revisa durante el proceso, inspecciones de campo y a través de informes que somete para verificar corrección, exactitud y conformidad con las leyes, reglamentos, normas y procedimientos establecidos, así como con las instrucciones impartidas.

### Ejemplos de Trabajo

- Asigna, coordina y supervisa el trabajo de persona no diestro, semidiestro o diestro, según la ubicación del puesto.

[…]

## Ingeniero(a) en Entrenamiento

### Naturaleza del Trabajo

Trabajo profesional y especializado en el campo de la Ingeniería, que consiste en inspeccionar e investigar proyectos de carreteras, construcción y de operación de sistemas de control de contaminación del agua, el aire, del terreno y de control del ruido, entre otros, en una Agencia del Gobierno de Puerto Rico.

### Aspectos Distintivos del Trabajo

El empleado realiza trabajo de complejidad y responsabilidad que consiste en la inspección e investigación de proyectos de carreteras, construcción y de mejoramiento de la infraestructura de los sistemas de control de contaminación del agua, del aire, del terreno y de control del ruido en los aspectos del campo de la Ingeniería, entre otros, para recomendar la aprobación, denegación o revocación de las certificaciones o permisos ambientales que se

evalúan en una Agencia del Gobierno de Puerto Rico. Trabaja bajo la supervisión general de un empleado de superior jerarquía, quien le imparte instrucciones generales en los aspectos comunes del puesto y específicas en situaciones nuevas o imprevistas. Ejerce iniciativa y criterio propio en el desempeño de sus funciones, conforme a las leyes, reglamentos, normas y procedimientos aplicables. Su trabajo se revisa mediante la evaluación de los informes que somete, en reuniones con su supervisor y por la evaluación de los resultados obtenidos.

**Ejemplos de Trabajo**

- Supervisa los trabajos que realiza personal de menor jerarquía, según la ubicación del puesto.

[…]

**C. Comisión Apelativa del Servicio Público**

El Plan de Reorganización Núm. 2 de 26 de julio de 2010, según enmendado[7] (Plan de Reorganización Núm. 2-2010), estableció la Comisión Apelativa para el Servicio Público ("CASP"). Este es un organismo cuasi judicial en la Rama Ejecutiva que se especializa en asuntos obrero-patronales y del principio de mérito. Dicha Comisión atiende casos laborales, querellas y asuntos de administración de recursos humanos en cuanto a los empleados cobijados por la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como *Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico*[8], y aquellos empleados cubiertos por la Ley Núm. 8 de 4 de febrero de 2017, según enmendada, conocida como *Ley para la Administración y*

---

[7] Plan de Reorganización de la Comisión Apelativa del Servicio Público.
[8] 3 LPRA § 1451 *et seq.*

*Transformación de los Recursos Humanos en el Gobierno de Puerto Rico*[9].

Entre las facultades, funciones y deberes de la CASP, se encuentran las siguientes: (1) aprobar la reglamentación necesaria para garantizar el cumplimiento del plan; (2) realizar las vistas públicas y privadas, reuniones, encuestas e investigaciones que sean necesarias y adecuadas; (3) atender toda querella o apelación que se presente oportunamente y que concierna a su jurisdicción y (4) asegurar la neutralidad de los funcionarios y empleados de la Comisión en todos sus procedimientos.[10]

Respecto a los casos o controversias que pueden ser atendidos por este foro cuasi-judicial, el Plan de Reorganización Núm. 2-2010 dispone que la CASP tendrá jurisdicción primaria exclusiva sobre:

a. Las reclamaciones surgidas como consecuencia de acciones o decisiones del patrono en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;

b. Las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;

c. Las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 333 de 2004, según enmendada.

**D. Deferencia administrativa**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*[11] ("LPAUG") autoriza la

---

[9] 3 LPRA § 1469 et seq.
[10] 3A LPRA Ap. XIII, Art. 8.
[11] Ley Núm. 38 de 30 de junio de 2017, según enmendada.

revisión judicial de las decisiones de las agencias administrativas. Es un principio establecido que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[12] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[13] Sin embargo, dicha norma no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos,

---

[12] *Hernández Feliciano v. Mun. de Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[13] *Rolón Martínez v. Supte. Policía, supra*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).

procede que se valide la interpretación que realizó la agencia administrativa recurrida.[14]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.[15] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[16] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas.[17] Nuestro máximo foro ha expresado que esta intervención *"debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley."*[18] Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[19]

---

[14] *Super Asphalt v. AFI y otro*, *supra*, pág. 819.
[15] *OEG v. Martínez Giraud*, *supra*; *Super Asphalt v. AFI y otro*, *supra*, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, *supra*, pág. 127.
[16] *OEG v. Martínez Giraud, supra.*
[17] *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, *supra*, pág. 217.
[18] *Rolón Martínez v. Supte. Policía*, *supra*, pág. 36.
[19] *Íd.*; *OEG v. Martínez Giraud*, *supra*; *Super Asphalt v. AFI y otro*, *supra*.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad.[20] No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra.[21] Ahora bien, nuestro más alto foro ha establecido que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales.[22]

Finalmente, el Tribunal Supremo ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "*la deferencia judicial al expertise administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.*"[23]

-III-

En el presente caso, la CASP emitió una Clarificación de Unidad Apropiada y determinó que los puestos de Agrónomo, Asistente de Ingeniero(a) e Ingeniero(a) en Entrenamiento deben ser incluidos como

---

[20] *Véase* Sección 4.5 de la LPAUG, 3 LPRA § 9675; *Rolón Martínez v. Supte. Policía*, *supra*, pág. 36; *Torres Rivera v. Policía de PR*, *supra*, pág. 627.
[21] *Torres Rivera v. Policía de PR, supra,* pág. 627.
[22] *Íd.,* págs. 627-628; *OEG v. Martínez Giraud*, *supra*, pág. 90.
[23] *OEG v. Martínez Giraud*, *supra*, pág. 91.

parte de la Unidad Apropiada. Sin embargo, el Recurrente alega que dicha determinación es errónea debido a que se trata de puestos gerenciales con funciones de supervisión. Veamos.

A continuación, analizaremos la descripción de los puestos en controversia, a la luz de la definición de "*supervisor*" provista en la Ley 45-1998, según enmendada. Dicha legislación señala que será considerado "supervisor" todo empleado que, como parte de sus funciones, haga recomendaciones efectivas sobre la imposición de medidas disciplinarias o que tenga la responsabilidad habitual de asignar o dirigir el trabajo.

En el caso del Agrónomo, de la descripción del puesto surge que este "*planifica y coordina los trabajos relacionados con el diseño, desarrollo e implantación del plan de trabajo o programas de ornamentación, cultivo de plantas, mantenimiento de los terrenos, jardines y áreas verdes de la Agencia o propiedad del Gobierno de Puerto Rico*". La acción de *planificar* requiere hacer un plan a fin de concretar un proyecto, mientras que la *coordinación* se enfoca en dirigir los esfuerzos a fin de lograr la meta trazada. Al analizar tales responsabilidades a la luz de la Ley 45-1998 es preciso concluir que el Agrónomo ejerce funciones supervisoras que le impiden formar parte de la Unidad Apropiada.

Ahora, pasemos a examinar el puesto de Asistente de Ingeniero. Como parte de sus responsabilidades, este "*asigna, coordina y supervisa el trabajo de persona no diestro, semidiestro o diestro, según la ubicación del*

*puesto*". Es decir, de la descripción del puesto se desprende, textualmente, que el asistente de ingeniero(a) tiene a su cargo la <u>supervisión</u> de personal, lo que prohíbe que sea parte de la Unidad Apropiada, según dispone la Ley 45-1998, según enmendada. De igual forma ocurre con el puesto de Ingeniero(a) en Entrenamiento. En esta ocasión, dicho puesto "*supervisa los trabajos que realiza personal de menor jerarquía, según la ubicación del puesto*". Por lo tanto, tampoco puede ser incluido en la Unidad Apropiada.

Sabido es que la deferencia que se le reconoce a las agencias administrativas cederá cuando la determinación no se fundamente en evidencia sustancial, cuando la agencia se equivoque en la aplicación de una ley o cuando la actuación sea arbitraria, irrazonable o ilegal. Luego de un análisis minucioso de la documentación ante nos y de interpretar la normativa jurídica esbozada, concluimos que los puestos de Agrónomo, Asistente de Ingeniero(a) e Ingeniero(a) en Entrenamiento realizan tareas correspondientes a un supervisor, por lo que no pueden ser parte de la Unidad Apropiada, ya que violarían la política pública de la Ley 45-1998, según enmendada.

-IV-

Por los fundamentos que anteceden, **_revocamos_** la determinación emitida por la Comisión Apelativa del Servicio Público. Por lo tanto, procede la exclusión de los puestos de Agrónomo, Asistente de Ingeniero(a) e Ingeniero(a) en Entrenamiento de la Unidad Apropiada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones